■ In the Matter of ELBERT E. SMITTLE against JUSTICES OF THE COURT OF SPECIAL SESSIONS OF THE CITY OF NEW YORK et al.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before December 8, 1959, with notice of argument for the January 1960 Term of this court, said appeal to be argued or submitted when reached. Concur—Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT LONDON against MARGERY LONDON.— Motion dismissed, having become academic by virtue of the decision of this court in *People ex rel. London* v. *London* (*ante*, p. 663), and the stay contained in the order to show cause, dated September 24, 1959, is vacated. Concur—Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ In the Matter of JAMES E. FITZGERALD against JOSEPH SCHECHTER et al.— Motion to dismiss appeal granted, with $10 costs, unless the appellants procure the record on appeal and appellants' points to be served and filed on or before December 8, 1959, with notice of argument for the January 1960 Term of this court, said appeal to be argued or submitted when reached. Concur—Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ ELM COATED FABRICS COMPANY v. GEORGE KRASNOV et al.— Motion to dismiss appeal granted, with $10 costs, unless the appellants procure the record on appeal and appellants' points to be served and filed on or before December 8, 1959, with notice of argument for the January 1960 Term of this court, said appeal to be argued or submitted when reached. Concur— Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

## (October 22, 1959)

■ DIXON REALTY CO., INC., Respondent, v. COMMERCIAL AFFILIATES, INC., Appellant, et al., Defendants.

Appeal from an order of the Supreme Court at Special Term, entered December 16, 1958, in New York County, which granted a motion by plaintiff for summary judgment striking out appellant's answer and designating a Referee to hear and report as to the amount of damages.

MEMORANDUM BY THE COURT. The order insofar as appealed from, should be reversed on the law, and the plaintiff's motion for summary judgment on the first and second causes of action and for the appointment of a Referee denied, with costs to the appellant.

The answering affidavits present issues of fact that must be tried and in the circumstances summary judgment should not have been granted. The plaintiff, having acquired the mortgages sought to be foreclosed by assignment, takes subject to any defenses that may be properly asserted against its assignor. The defendant urges that an agreement was entered into between the defendant and the plaintiff's assignor, whereby the plaintiff's assignor in consideration of the defendant allowing him to take control and manage the properties agreed to " invest and expend the necessary money to maintain the premises * * * as may be necessary to prevent foreclosure ". The plaintiff denies such arrangement but asserts that in taking possession of the properties as mortgagee its assignor merely agreed to apply the net income towards the outstanding obligations and that he made no agreement to invest any of his own funds for that purpose. We cannot determine from an examination of the document which authorized the plaintiff's assignor to take possession and under which he did take possession which version is the correct one.